NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KEITH M. CASSELLS,

Plaintiff - Appellant,

v.

D. MEHTA; et al.,

Defendants - Appellees.

No. 07-17024

D.C. No. CV-04-01798-FCD/EFB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Jr., District Judge, Presiding

Submitted May 25, 2010[**]

Before:    CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Keith M. Cassells, a California state prisoner, appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs in violation of the Eighth Amendment.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

Cassells contends that prison officials improperly delayed surgery on his spine, delayed post-surgical follow-up examinations, and denied his request for an egg-crate mattress. The district court, however, properly granted summary judgment because Cassells failed to raise a triable issue as to whether defendants were deliberately indifferent to his spine conditions. *See id.* at 1057 (a prison official acts with deliberate indifference only if he "knows of and disregards an excessive risk to inmate health and safety," and "[m]ere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights") (internal quotation marks and citations omitted).

The district court did not abuse its discretion by denying Cassells's motion for leave to file an amended complaint, because amendment would be futile. *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) ("We review the district court's denial of leave to amend the complaint for abuse of discretion. A district court does not err in denying leave to amend where the amendment would be futile.") (citations omitted).

Cassells's remaining contentions are unpersuasive.

**AFFIRMED.**